**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3565
_____

ELIZABEL MENDOZA,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-03363)
District Judge: Hon. Stanley R. Chesler
_____

Submitted under Third Circuit LAR 34.1(a)
September 9, 2013

Before: SMITH, ALDISERT and SLOVITER, Circuit Judges.

(Filed September 10, 2013)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Elizabel Mendoza appeals from a judgment of the United States District Court for

the District of New Jersey that denied in part her fee-award application, which was

submitted pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. She contends that the District Court abused its discretion when it reduced her requested fee award after making a number of erroneous "categorical legal conclusions" that certain fees incurred were not compensable. We will affirm in part and vacate in part the judgment of the District Court, and remand with instructions to recalculate the fee award consistent with our views set forth hereinafter.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly. Mendoza filed a complaint in the District Court against the Commissioner of the Social Security Administration ("SSA") after denial of her application for disability benefits. Following briefing by both Mendoza and the Commissioner, the Commissioner contacted Mendoza on October 12, 2011 and offered a remand to the SSA for further proceedings. Mendoza raised issues with the proposed remand instructions, and accordingly did not consent to remand at that time. Ultimately, the District Court remanded the case to the SSA without any special remand instructions.

This appeal concerns Mendoza's application for fees under the EAJA, which she submitted after the District Court remanded her case to the SSA. Mendoza's counsel (the "Clinic") sought compensation for 45.75 hours of work, at a rate of $189.10 per hour, for a total of $8651.33 in fees. The Commissioner challenged Mendoza's fee application, asserting that no fees should be awarded for any work performed after the October 12, 2011 remand offer. The District Court agreed, reducing Mendoza's fee award to $3829.28. This sum reflected the 20.25 hours spent by the Clinic as of October 12. This award did not include any compensation for time spent preparing the application for fees

or for responding to the Commissioner's challenge to the fee application. Mendoza timely appealed.

## II.

The District Court had jurisdiction over Mendoza's underlying claim pursuant to 42 U.S.C. § 405(g), and jurisdiction over her motion for fees under 42 U.S.C. § 406(b); we have jurisdiction under 28 U.S.C. § 1291. We review the reasonableness of a fee award for abuse of discretion, but we review *de novo* the legal standard applied by the District Court in calculating the fee award. Jama v. Esmor Corr. Servs., Inc., 577 F.3d 169, 173 (3d Cir. 2009) (citing Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 358 (3d Cir. 2001).

## III.

Before the District Court, the Commissioner argued that Mendoza should not be awarded any fees accrued after October 12, 2011, the date the Commissioner offered a consent remand. The District Court agreed and therefore awarded Mendoza all claimed fees incurred as of that date, but awarded no fees for work performed by the Clinic after that date. We share the sentiments of the experienced District Court Judge that there may have been "overlitigation" after the Commissioner's offer of a consent remand. The District Court acted well within its discretion in denying fees for legal work on the merits of the case performed after that offer was made, particularly given the lack of success achieved by Mendoza after that point. We agree with Mendoza, however, that she was entitled to at least some fees for the time spent preparing the fee application itself, because a fee application would have been necessary even had Mendoza agreed to the Commissioner's original remand offer. Lost amidst the District Court's frustration with the Clinic was careful consideration of the appropriateness of all claimed fees and

3

specific statements as to why certain fees would be awarded and others rejected. See Rode v. Dellarciprete, 892 F.2d 1177, 1187 (3d Cir. 1990) ("The district court should explain why it concludes that hours expended on a task are excessive."). Rather, the approach taken by the District Court here was to categorically reject any and all fees incurred after the consent remand offer, including those incurred in preparing the fee application itself. The rationale for rejecting fees here based on "overlitigation" does not apply with equal force to *all* of the hours spent on the fee application.

Accordingly, we will remand to the District Court to calculate reasonable attorneys' fees for work performed after the Commissioner's remand offer on October 12, 2011.[1]

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed in part and vacated in part, and the proceedings remanded in accordance with the foregoing.

---

[1] We wish to recognize and commend the Rutgers-Newark Urban Legal Clinic's vigorous representation of Ms. Mendoza. We note, however, that just as the District Court was frustrated with what it deemed "overlitigation" of this case, we too believe that some effort expended before our Court was ultimately redundant and unnecessary. We provide this constructive criticism as part of the educational experience for the Clinic's students, and to encourage them to continue honing their craft.

4